OPINION
{¶ 1} Pursuant to plea negotiations, Larry Jefferson entered guilty pleas to one count of fourth degree felony receiving stolen property, one count of fifth degree felony receiving stolen property, and one count of third degree felony burglary.
 {¶ 2} The trial court imposed concurrent seven-month sentences on the two receiving stolen property counts and five years of community control sanctions on the burglary count, to begin after completion of the concurrent prison sentences. At the time of sentencing, the trial judge announced in open court that Jefferson would face a three-year prison term if he violated any condition of community control. This three-year sentence is also noted in the termination entry for the burglary count.
 {¶ 3} On appeal, Jefferson advances two related assignments of error: the ineffectiveness of his counsel and the trial court's failure to "adhere to Crim. Rule 11(C)(2)(A) (sic)."
 {¶ 4} The gist of both assignments is that defense counsel and the trial court failed to inform Jefferson of the three-year sentence that could be imposed should he violate any condition of community control.
 {¶ 5} The alleged failure of counsel to advise Jefferson of this three-year sentence is not demonstrated by the record, and the first assignment is overruled.
 {¶ 6} Turning to the second assignment, Crim.R. 11(C)(2)(a) was not violated by the trial court. This provision reads:
 {¶ 7} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 8} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing."
 {¶ 9} When Jefferson entered his guilty plea to burglary, the trial court informed Jefferson of the maximum sentence and fine as follows:
 {¶ 10} "JUDGE TUCKER: Alright. Now lets go first to 03-CR-2612 again that's the Burglary charge and as we talked about before in that case you face a potentially (sic) sentence anywhere from 1 year to 5 years but we already agreed that in that case your going to get Community Control Sanctions, do you understand that sir?
 {¶ 11} "LARRY JEFFERSON: Yes sir."
 {¶ 12} Assuming, arguendo, that the trial court was required to also inform Jefferson that a sentence to prison was a possibility should he violate community control, the trial judge did so.
 {¶ 13} "JUDGE TUCKER: . . . I just want to make one thing clear and I think you understand this but on the Community Control Sanctions uh-certainly and I expect you to come out and do well but if you violate Community Control Sanctions you understand you can go to prison?
 {¶ 14} "LARRY JEFFERSON: Yes sir.
 {¶ 15} "JUDGE TUCKER: Alright. And you'll go to prison uh-from anywhere from 1 year to 5 years. Do you understand that?
 {¶ 16} "LARRY JEFFERSON: Okay.
 {¶ 17} "JUDGE TUCKER: If you violate your Community Control Sanctions you have to understand that.
 {¶ 18} "LARRY JEFFERSON: Okay."
 {¶ 19} Although unnecessary to our disposition of this assignment, we note that Jefferson, who has an eleventh grade education and is forty-five years old, executed an entry of plea of guilty wherein he acknowledged his awareness of the maximum sentence and fine for third degree felony burglary, and that he could receive a prison term of up to five years for violations of community control sanctions.
 {¶ 20} The second assignment is overruled.
 {¶ 21} The judgment will be affirmed.
Fain, P.J. and Brogan, J., concur.